# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

JOYCE WILLIAMS,

*Plaintiff-Appellant,*

v.

UNION MEMORIAL HOSPITAL,

*Defendant-Appellee,*

No. 02-2215

and

MED STAR HEALTH, t/a Union
Memorial Hospital,

*Defendant.*

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
William M. Nickerson, Senior District Judge.
(CA-01-1363-WMN)

Submitted: April 17, 2003

Decided: May 16, 2003

Before NIEMEYER, MOTZ, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Olivia D. Cammack, OLIVIA D. CAMMACK, P.A., Silver Spring,
Maryland, for Appellant. Bruce S. Harrison, Elizabeth Torphy-
Donzella, SHAWE & ROSENTHAL, L.L.P., Baltimore, Maryland,
for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Joyce Williams appeals the district court order granting Union Memorial Hospital's ("Union") motion for summary judgment and denying relief on her employment discrimination action alleging violations under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e to 2000e-17 (2000). Williams alleged she was discriminated against because of her race when Union reduced her hours and converted her position into a contract position while it was closing two nursing programs for which she was the Director of Financial Aid. Finding no reversible error, we affirm.

This Court reviews a grant of summary judgment de novo. *Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1167 (4th Cir. 1988). Summary judgment is appropriate only if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). This Court must view the evidence in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

We have reviewed the parties' briefs, the joint appendix and the district court's order and find that even if Williams demonstrated a prima facie case, Union proffered a legitimate, nondiscriminatory reason for its actions. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142 (2000); *see also Bryant v. Bell Atlantic Md., Inc.*, 288 F.3d 124, 132 (4th Cir. 2002) (finding Court may affirm for any legal basis present in the record). We have reviewed Williams' allegations of pretext and find they do not create a genuine issue of material fact as to Union's proffered reasons for its actions. We conclude the evidence, taken in the light most favorable to Williams, would not permit a reasonable factfinder to conclude Union's actions were discriminatory. Therefore, summary judgment was appropriate. *See EEOC v. Sears Roebuck & Co.*, 243 F.3d 846, 854 (4th Cir. 2001).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*